# IN THE COURT OF APPEALS OF IOWA

No. 16-0266
Filed April 6, 2016

**IN THE INTEREST OF J.W.,**
**Minor child,**

**B.W., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Warren County, Kevin A. Parker, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Zachary C. Priebe of Jeff Carter Law Offices, P.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Dawn M. Bowman of Bowman Law Office, Pleasantville, for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his child, born in 2015. He contends (1) the State failed to prove the grounds for termination cited by the district court and (2) termination was not in the child's best interests.

## I.    *Grounds for Termination*

The district court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(g), (h), and (i) (2015). We may affirm a termination decision if we find clear and convincing evidence to support any of the grounds cited by the court. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

Termination is warranted under section 232.116(h). This ground requires proof that the child is three years of age or younger, has been adjudicated in need of assistance, and has been removed for at least six of the previous twelve months or six consecutive months. There also must be "clear and convincing evidence that the child cannot be returned to the custody" of the child's parent.

Our de novo review of the record reveals the following facts. The father's parental rights to two other children were terminated based on his physical abuse of both of them.[1] Based on those terminations, the father consented to the temporary removal of this child, who was subsequently adjudicated in need of assistance.[2]

---

[1] The father contends this evidence is irrelevant, amounts to "improper character evidence," and is inadmissible because it relates to "prior terminations from . . . different families." We need not resolve this issue because the argument implicates an element of section 232.116(1)(g) rather than section (h). Specifically, section (g) requires proof of the termination of parental rights "with respect to another child who is a member of the same family." Iowa Code § 232.116(1)(g).

[2] The father essentially conceded the relevancy of the prior termination evidence when he consented to the temporary removal of this child based on his acts of physical abuse against the other children.

The department of human services offered the father professionally-supervised visits with the child. The father participated in visits, which took place once a week for an hour and a half. According to the visitation supervisor, the visits went well but there was "not a whole lot of time for things to go wrong." She opined the father could not have unsupervised contact with the child.

The department case manager agreed. He testified there were no additional services the department could provide within the statutory time frames that would allow the father to safely parent the child on an unsupervised basis.

We recognize the father completed anger management and parenting classes as directed by the district court and did not physically abuse this child. But the department understandably was wary of moving to unsupervised contact in light of the father's history. As the department case manager testified,

> Well, those services were provided during the very first case in Cedar Rapids or Linn County, I believe, and then the child was actually returned to him, and she was then removed shortly after the return due to physical abuse concerns, I believe, that he pleaded guilty to. Additionally, after that incident he has another child who is seven months old after all those services, and he breaks that child's arm. I don't believe he's safe around children, and I don't believe any anger management course or anything like that can change his history of what he's done.[3]

In our view, the department did not have an obligation to test the waters a third time before determining this child's safety would be compromised by unsupervised contact with the father.

---

[3] This testimony was elicited during a hearing on the State's motion to waive reasonable efforts. *See* Iowa Code § 232.102(12)(c). The State later withdrew this motion but the entire child-in-need-of-assistance file, including a transcript of this hearing, was included in the termination record.

We conclude the child could not be returned to the father's custody.  *See Iowa Code § 232.116(1)(h).*

## II.    *Best Interests*

Termination must also be in the child's best interests.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  Although the visitation supervisor acknowledged there was a bond between the father and his infant child, the risk to the child's physical safety warranted termination.  Accordingly, we affirm the termination of the father's parental rights to the child.

**AFFIRMED.**